UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:25-CR-132-FLA |
|---|---|
| Plaintiff, | [PROPOSED] PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| ZIHIRR MITCHELL, | |
| Defendant. | |

Upon consideration of the application of Plaintiff, UNITED STATES OF AMERICA, for a preliminary order of forfeiture, and the conviction of ZIHIRR MITCHELL ("defendant") on the single-count indictment, Federal Rule of Criminal Procedure 32.2(b), and good cause appearing thereon, IT IS HEREBY ORDERED:

### I.    FORFEITABLE PROPERTY

For the reasons set out below, any right, title, and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in

the Indictment, which charged defendant with violating 18 U.S.C. § 922(g)(1) (felon in possession of ammunition). The Forfeitable Property is more particularly described as:

    i. A Ruger, model LCP, .380 caliber pistol, bearing serial number 379057941;

    ii. A Canik, model TP9SF, 9mm caliber pistol, bearing serial number 19AT0O0966;

    iii. A RADOM, model Hellpup, 5.56x45 caliber pistol, bearing serial number PAC117473522;

    iv. Twenty-six rounds of Cascade Cartridge Inc., 9mm caliber ammunition

    v. Thirty-two rounds of Lake City, 5.56 caliber ammunition

    vi. Six rounds of Giulio Fiocchi, Lecco, .380 caliber ammunition

    vii. Thirty-one rounds of Remington Peters, 5.56 caliber ammunition

    viii. Thirty-six rounds of Hornady, 5.56 caliber ammunition

    ix. One round of Speer, .45 caliber ammunition;

    x. One round of Precision Made Cartridges, .45 caliber ammunition (collectively the "Forfeitable Property").

## II.  IMPLEMENTATION

IT IS FURTHER ORDERED AS FOLLOWS:

A. Upon the entry of this Order, and pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B. Upon entry of this Order, the United States is further

authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Federal Rule of Criminal Procedure 32.2(b)(3). "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

    C.    Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

        1)    Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier. The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

        2)    Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the

publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

   3) Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time, and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

   4) The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

 D. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and shall be made part of his sentence and included in his judgment.

//
//

4

E.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

_____                    _____
DATE                                               HONORABLE FERNANDO L. AENLLE-ROCHA
                                                   UNITED STATES DISTRICT JUDGE

Presented by:

   */s/Alexander Su*
ALEXANDER SU
Assistant United States Attorney