Gmail

**Megan Foster <megan.foster.esq@gmail.com>**

# United States v. Zihirr Mitchell - Plea Agreement

10 messages

**Butler, Kevin (USACAC)** <Kevin.Butler2@usdoj.gov> Mon, Jun 30, 2025 at 10:46 AM
To: Megan Foster <megan.foster.esq@gmail.com>
Cc: "MacCabe, Jena (USACAC)" <Jena.MacCabe@usdoj.gov>

Megan,

Please find attached a plea agreement for your client in this matter. Some of the factual basis relates to the FEMA fraud committed this year and we are still in the process of producing that discovery. It should be to you this week. That discovery is fairly straightforward and inline with your client's confession about it on the day of his arrest.

Though included in the factual basis, this includes a non-prosecution as to the FEMA fraud. It is also does not include the firearm and ammunition found on the day of his arrest, which would be in a superseding indictment were this case not to resolve.

Please let us know if you have any questions. This plea automatically expires on **August 1, 2025**.

Best,

**Kevin J. Butler** | **Assistant United States Attorney**

**Criminal Division | Deputy Chief, Violent & Organized Crime Section**

United States Attorney's Office | Central District of California

1300 United States Courthouse | 312 North Spring Street | Los Angeles, California 90012
T: 213.894.6495 | Fax: 213.894.3713 | **kevin.butler2@usdoj.gov**

**Mitchell Plea Agreement.pdf**
171K

**Butler, Kevin (USACAC)** <Kevin.Butler2@usdoj.gov> Tue, Jul 15, 2025 at 1:59 PM
To: Megan Foster <megan.foster.esq@gmail.com>
Cc: "MacCabe, Jena (USACAC)" <Jena.MacCabe@usdoj.gov>

Hi Megan,

Can you confirm receipt of the plea agreement? Just want to make sure it didn't fall through the cracks of summer.

Thanks,

Kevin

[Quoted text hidden]

---

**Megan Foster** <megan.foster.esq@gmail.com> Thu, Jul 17, 2025 at 7:02 AM
To: "Butler, Kevin (USACAC)" <Kevin.Butler2@usdoj.gov>
Cc: "MacCabe, Jena (USACAC)" <Jena.MacCabe@usdoj.gov>

Hi Kevin!

Thank you for checking in! Yes, confirmed! I've been able to visit him with the PA after you first sent it and am actually going to see him again today to check in.

A couple of follow up questions:

Re: the PA, with regard to the sentencing factors and the other guidelines included in the PA for the dismissed/uncharged conduct, I wanted to clarify/confirm, is that more or less for the judge to consider, but the guidelines of the plea of conviction will govern? I don't see that in cases down here typically, it's more contemplated as an enhancement under the parties' guideline calcs, so I was just wondering! Similarly, in CASD, I usually get an idea of a low-end, within, or high-end recommendation, and I know that isn't as typical up there. Is that something typically you all wait to see what Probation is also recommending, or do I learn where you all are when we get to sentencing?

With regard to CHC, I think I have a pretty good idea of where he is on the table but I was wondering if you had any objection to me requesting a pre-plea criminal history report? Do you know how long those are typically taking to complete? From my research I *don't* think he would be considered a career offender (please let me know if you think otherwise) and don't think the report should necessarily delay the August 1 deadline you provided to provide an answer on the PA, but I would like to have that information to give Mr. Mitchell any clarity I can about what to expect in terms of guidelines prior to a PSR. He's understandably wanting to know what you all are going to recommend and where he falls on the table.

As to discovery, I was wondering about the 10TB hard drive and what devices are imaged on that. Can you provide some clarification there as to what you think is on that? For example, if that's information that seems to pertain to the 922(g) charge that he might plead to, I would of course want to see that and would need more time to review that, but if that largely seems like that would be evidence in dismissed/uncharged conduct, I am not sure that's necessary for me to spend a bunch of time reviewing and potentially requesting a continuance of the trial date, etc for time to look that over. If you're not really sure, since it sounds like it hasn't fully been analyzed, I'm definitely not going to have time to review 10TB of data before August 1, or even before our trial date without some sort of idea of what that contains.

Thank you for the additional discovery and the PA! I'm working through 2 and 3, still hoping to get back to you by August 1, but I'll keep you updated on today!

Megan
[Quoted text hidden]

---

**MacCabe, Jena (USACAC)** <Jena.MacCabe@usdoj.gov> Thu, Jul 17, 2025 at 3:44 PM
To: Megan Foster <megan.foster.esq@gmail.com>, "Butler, Kevin (USACAC)" <Kevin.Butler2@usdoj.gov>

Hi Megan,

If I'm doing the grouping rules correctly, I think the Court will use 22 as the offense level, and there won't be an upward adjustment for multiple counts because the other counts are too low. With acceptance of responsibility, that would mean the total offense level is 19. But yes, the Court will be able to consider the other conduct generally at sentencing. The reason why we wanted to include it in this case is because if he is going to accept responsibility, we would rather not have to file a new indictment against him for anything fraud related.

For the government's recommendation, we usually wait to see what is in the presentence report before we make our ultimate decision on sentencing.

We have no objection to you getting a pre-plea report, although unfortunately I have no idea how long that usually takes to get back. Looking at one example from another recent case though, the Court granted the request for one on May 6, and we got it on June 16, if that helps. I agree that I don't think he's a career offender. We just have to include that in the plea agreement so that he's advised his Guidelines theoretically could differ in that situation.

For the hard drive, we would be putting the images of the devices we were able to image that we seized from him. If we were to go to trial, we might use some of that information as evidence, but we haven't yet searched the devices from his arrest to confirm. These would just be the entire images of his own devices.

Let me know if you want to discuss anything further!

Best,

Jena

**Jena MacCabe** | **Assistant United States Attorney**
**United States Attorney's Office | Central District of California**
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.5046 | Jena.MacCabe@usdoj.gov

[Quoted text hidden]

---

**Megan Foster** <megan.foster.esq@gmail.com> Fri, Aug 1, 2025 at 1:29 PM
To: Jena MacCabe <Jena.MacCabe@usdoj.gov>
Cc: Kevin Butler <Kevin.Butler2@usdoj.gov>

Hi Jena and Kevin!

I wanted to let you know Mr. Mitchell decided he wants to accept the offer and plead guilty. We've been over the agreement generally together in the past, and your guidance was very helpful! Unfortunately, after waiting a long time to see him this morning (delayed getting in because of an "incident" at MDC) and the train schedule + shift change we weren't able to go through the whole thing verbatim before I had to take off, and even more annoying, even though I dropped off a USB drive with his discovery and the PA on 7/3/25 by hand to the legal mail there, he still hasn't received it and the legal department is ghosting me on what's wrong with it or when they plan to give it to him, and it hasn't been sent back to me.

Would it be possible to get the executed copy to you next week? I have a lot of court in CASD but I could see if I can get someone local to stop by or figure out how to make the trip myself for his signature and get it to you. I think I could get back up here Tuesday or Wednesday around all that.

Please let me know, and sorry for the delay!

Megan

***The Law Office of Megan E. Foster***
**a:** 401 W. A Street, Suite 200
San Diego, CA 92101
**t:** (619) 736-3707
**e:** Megan.Foster.Esq@gmail.com

CONFIDENTIALITY NOTICE: This email may contain confidential and/or legally privileged information intended solely for the addressee(s) above. If you are not the intended recipient or authorized agent or employee thereof, you may not disseminate or copy this email. If you have received this email in error, please contact the sender and destroy all copies of the communication. Thank you.

On Jul 17, 2025, at 3:44 PM, MacCabe, Jena (USACAC) <Jena.MacCabe@usdoj.gov> wrote:

[Quoted text hidden]

---

**Butler, Kevin (USACAC)** <Kevin.Butler2@usdoj.gov> Fri, Aug 1, 2025 at 1:35 PM
To: Megan Foster <megan.foster.esq@gmail.com>, "MacCabe, Jena (USACAC)" <Jena.MacCabe@usdoj.gov>

Thanks, Megan. That's no problem at all—sounds like quite an annoyance. We can extend to next Friday since it sounds like we are all in agreement. Just keep us in the loop next week.

Have a good weekend!

[Quoted text hidden]

---

**Megan Foster** <megan.foster.esq@gmail.com> Fri, Aug 1, 2025 at 1:48 PM
To: Kevin Butler <Kevin.Butler2@usdoj.gov>
Cc: Jena MacCabe <Jena.MacCabe@usdoj.gov>

Thank you both so much! So sorry again for the delay and thank you for the understanding and extra time, I'll absolutely keep you updated and let you know if anything changes.

Have a great weekend, too! Talk soon :)

On Aug 1, 2025, at 1:36 PM, Butler, Kevin (USACAC) <Kevin.Butler2@usdoj.gov> wrote:

[Quoted text hidden]

---

**Megan Foster** <megan.foster.esq@gmail.com> Thu, Aug 7, 2025 at 5:30 PM
To: Kevin Butler <Kevin.Butler2@usdoj.gov>
Cc: Jena MacCabe <Jena.MacCabe@usdoj.gov>

Hi Kevin and Jena!

Attached please find the executed plea agreement. Thank you again for extending the courtesy of some extra time to get it to you!

From here, do I reach out to the courtroom deputy and cc you requesting a change of plea date? I looked at His Honor's chambers rules and wasn't able to find anything specific there, so please forgive my ignorance.

Please let me know what you need from me, and thank you both again!

Megan
[Quoted text hidden]

**Mitchell, Zihirr - PA 8.5.25.pdf**
7246K

---

**Butler, Kevin (USACAC)** <Kevin.Butler2@usdoj.gov> Thu, Aug 7, 2025 at 5:35 PM
To: Megan Foster <megan.foster.esq@gmail.com>
Cc: "MacCabe, Jena (USACAC)" <Jena.MacCabe@usdoj.gov>

Thank you Megan. We'll sign and file shortly. We can reach out to the CRD and copy you—that's usually the practice. Glad we could get this resolved!

Best,

Kevin

[Quoted text hidden]

---

**Megan Foster** <megan.foster.esq@gmail.com> Thu, Aug 7, 2025 at 8:43 PM
To: Kevin Butler <Kevin.Butler2@usdoj.gov>
Cc: Jena MacCabe <Jena.MacCabe@usdoj.gov>

Great! Just saw you lodged it :) and thank you for taking care of that. I'm glad we were able to resolve it too, and thank you again for giving us some extra time!

> On Aug 7, 2025, at 5:35 PM, Butler, Kevin (USACAC) <Kevin.Butler2@usdoj.gov> wrote:
>
> [Quoted text hidden]