Gmail

**Megan Foster <megan.foster.esq@gmail.com>**

## 25-CR-132-FLA Zihirr Mitchell - Sentencing Recommendation

1 message

**Megan Foster** <megan.foster.esq@gmail.com> Mon, Mar 23, 2026 at 2:56 PM
To: Jena MacCabe <jena.maccabe@usdoj.gov>, Kevin Butler <kevin.butler2@usdoj.gov>

Hi Jena and Kevin,

I've been out on maternity leave so apologies for raising this today, but I'm working on my sentencing documents for Mr. Mitchell's case and wanted to reach out about your sentencing position and your adoption of Probation's calculations. Unfortunately, I think taking that position would be a breach of our plea agreement and I wanted to get your thoughts prior to filing a motion.

I do see a reference in your sentencing papers to the provision in the plea agreement that says if there's an unknown crime of violence, then the parties aren't beholden to the calculations as laid out in the PA, but that set of circumstances is not present here -- the only COV is the CPC 422(a) that is a per se COV, but that was a crime your office knew about at the time he was indicted and it was discussed in the Pretrial Services report at the detention hearing. It was also of course referenced in the plea agreement itself. Mr. Mitchell having pled to a COV was therefore not new information post-plea that would trigger that provision. Is this what you're relying on to be changing your sentencing stance? Or can you kindly explain your reasoning for how your sentencing recommendation is consistent with the promises in the plea agreement?

Prior to signing Mr. Mitchell up, I also specifically asked you all about the presence of the sentencing factors within the plea agreement when Mr. Mitchell solely intended to plead to the felon in possession charge, and relied on your representation regarding grouping when advising Mr. Mitchell that the Parties were in agreement that the BOL was a 20 (based on a prior COV and/or the type of gun), +2 for number of firearms, -3 for acceptance.

Here's what your response was to me:

If I'm doing the grouping rules correctly, I think the Court will use 22 as the offense level, and there won't be an upward adjustment for multiple counts because the other counts are too low. With acceptance of responsibility, that would mean the total offense level is 19. But yes, the Court will be able to consider the other conduct generally at sentencing. The reason why we wanted to include it in this case is because if he is going to accept responsibility, we would rather not have to file a new indictment against him for anything fraud related.

He certainly only intended to plead to one crime, not one that we agreed would be dismissed, and one not even charged (which saved you all significant time and resources). The calculation you've adopted from Probation is essentially double the sentencing exposure and not what he agreed to. He wants specific performance to get the benefit of his plea agreement.

Please let me know your position at your earliest convenience, and thank you!

--
Thank you,

Megan

*The Law Office of Megan E. Foster*
**a:** 401 W. A Street, Suite 200
San Diego, CA 92101
**t:** (619) 736-3707
**e:** Megan.Foster.Esq@gmail.com

CONFIDENTIALITY NOTICE: This email may contain confidential and/or legally privileged information intended solely for the addressee(s) above. If you are not the intended recipient or authorized agent or employee thereof, you may not disseminate or copy this email. If you have received this email in error, please contact the sender and destroy all copies of the communication. Thank you.